**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **2:25-CR-028** |
| | ) |
| **DAVID EDWARD ADRIAN** | ) |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on or about May 4, 2026, David Edward Adrian (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Two of the above-captioned Indictment (Doc. 1), charging violations of 18 U.S.C. § 2251(a), (e) and 18 U.S.C. § 2252(a)(4)(B), (b)(2); and

WHEREAS, pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3), the defendant has consented to the forfeiture of all right, title, and interest to the United States in a the following:

- A black Dell Windows 8 laptop with pen;
- A dark blue ATR&T Samsung phone in a red and black case, bearing IMEI-356027104665206;
- A blue Motorola phone in a black case;
- A Western Digital hard drive bearing serial number WCANKA578811;
- A Dell Equal Logic 2 TB hard drive bearing serial number 9WM63D4H;
- A Dell Equal Logic 2 TB hard drive bearing serial number 9WM63W2K;
- A Dell Equal Logic 2 TB hard drive bearing serial number 9WM5Y864;
- A Dell Equal Logic 2 TB hard drive bearing serial number 9WM6HDBQ;
- A CD case containing 11 discs with various labels;
- A PNY Elite SD card bearing serial number 2239CVHQ220921306;
- A black with blue tape 32 GB flash drive with label "WIN7RECOV:";
- A blue 4 GB Novell flash drive;
- Two black and red 16 GB ScanDisk flash drives;
- A blue and silver 1 GB flash drive;
- A black and silver 1 GB Sungard flash drive;
- A black and silver flash drive on a key chain;

- A transparent blue 1 GB flash drive;
- A wood-like tan 4 GB Staples flash drive;
- A Verbatim flash drive bearing serial number YG32G8813023194AML;
- A Verbatim flash drive with blue tape with label "XFERDRIVE;"
- A Verbatim flash drive with blue tape with label "Disc Wipe;"
- A Verbatim flash drive with blue tape with label "Dell wo Recovery;"
- A Verbatim flash drive with blue tape with label "Win 10 Recovery AMD18362;"
- A Verbatim flash drive with blue tape with label "XKFER Porn;"
- A black Ultra desktop with USB flash drive inserted;
- A black Dell desktop, S/N- HTR28YA;
- A ProRaid hard drive, S/N- 1601036;
- A black polaroid camera;
- A pink smart watch;
- A black Motorola TracFone;
- A blue Motorola smartphone;
- A Lenora laptop with a thumb drive inserted;
- A SanDisk micro SD card;
- A Thinkpad labtop;
- A Dell Equal Logic hard drive;
- A Dell SATA hard drive;
- A black thumb drive with label "W2012R2 Install;"
- A black thumb drive with label "UBUNTU";
- Aa CD-R with label "ATARI;"
- A CD-R with label "Various Artists Mp3 format 47 files";
- A CD-R with label "WIN XP PRO;"
- Three black Verbatim flash drive;
- One black CD holder containing fifty nine CD's;
- ThinkCentre computer tower, s/n: MJ4MH058 with two black USB's inserted;
- Memorez CD labeled "ABP-ELF-K-2" in a plastic sleeve;
- School is coming.com CD inside brown sleeve;
- Black portable SSD mobile SDUD State;
- VANJA USB card reader in white box;
- CD rom, 700mb Maxwell in white sleeve;
- CD inside Kodak yellow sleeve;
- Two Sandisk cruzer glide 16GB thumb drives;
- Android phone with black hard cover;
- Seagate 4 TB hard drive, S/N - NA4MMM8BS;
- Two blue WD 4 TB hard drives bearing S/N - 5YD12GTL and
- 5YDONL6P; and
- A USB contained in two taped together boxes

2

(collectively, the "Subject Property"), on the legal and factual bases set forth in the forfeiture allegation in the charging document, at the plea hearing, and/or through the plea agreement, which the Court finds sufficient to justify forfeiture of the Subject Property.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     On the basis of the forfeiture authority listed above, all right, title, and interest in the Subject Property of the defendant is forfeited to the United States.

2.     Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or a designee is authorized to seize the Subject Property, to conduct any proper discovery, and to commence any applicable proceedings to comply with statutes governing third-party rights, as set forth in Fed. R. Crim. P. 32.2.

3.     The United States shall comply with the notice provisions established in Fed. R. Crim. P. 32.2(b)(6) including, as appropriate, publication and direct notice.

4.     Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C.

§ 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Subject Property shall be forfeited to the United States for disposition in accordance with the law.

6. The United States alone shall hold title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. The forfeiture of the Subject Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

8.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns, and transferees of the defendant, and shall survive the bankruptcy of any of them.

9.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _____June 4_____, 2026

ORDERED:

_____
HONORABLE LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA